HOWELL v. CARPENTER

1. PHYSICIANS AND SURGEONS—MALPRACTICE—STANDARD OF CARE—EVIDENCE—SUFFICIENCY.

Finding of medical malpractice in nonjury trial was proper where evidence showed that defendant doctors had performed an unnecessary operation upon plaintiff, that they had failed to warn her of potential dangers and consequences ensuing from it, that they had failed to obtain her informed consent, that they had failed to inform themselves fully of plaintiff's prior medical history and treatment, and that their diagnostic procedures did not meet the prevailing standard of care which would not have called for a procedure as radical as the one employed by defendants.

2. PHYSICIANS AND SURGEONS—ASSAULT AND BATTERY—OPERATION—INFORMED CONSENT.

Defendant doctors committed an assault and battery upon plaintiff patient when they performed an operation upon her without obtaining her informed consent.

3. PHYSICIANS AND SURGEONS — CONTRACT — BREACH — RELINQUISHMENT OF CASE.

Defendant doctor breached his contract with plaintiff when he relinquished control of her case to another doctor without her authorization, and absented himself not only from an operation being performed on plaintiff but also from the State while she was undergoing post-operative treatment.

———————————

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Physicians and Surgeons § 79.
[2] 41 Am Jur, Physicians and Surgeons § 108.
[3] 41 Am Jur, Physicians and Surgeons §§ 72, 102.
Liability of physician who abandons case. 57 ALR2d 432.

Appeal from Wayne, George E. Bowles, J. Submitted Division 1 February 6, 1969, at Detroit. hearing denied November 18, 1969. Application for leave to appeal filed December 23, 1969.

Complaint by Rae E. Howell and her husband James Howell against Clarence J. Carpenter, M.D., Stephanos G. Cocorelis, M.D., and Carpenter Hospital, a Michigan corporation, for fraud and misrepresentation, malpractice, assault and battery and breach of contract. Judgment for plaintiffs. Judgment set aside as to Carpenter Hospital. Defendant Carpenter appeals. Plaintiffs cross-appeal dismissal of complaint against hospital. Affirmed.

*Craig & Fieger; Goodman, Eden, Robb, Millender, Goodman & Bedrosian;* and *Ashley Gorman,* for plaintiffs.

*Caplan & Barsky* for defendants Clarence J. Carpenter, M.D., and Carpenter Hospital.

Before: LESINSKI, C. J., and T. M. BURNS and KELLEY,* JJ.

KELLEY, J. Plaintiffs Rae E. Howell and James Howell brought an action alleging fraud and misrepresentation, malpractice, assault and battery and breach of contract against Clarence J. Carpenter, M.D., Stephanos G. Cocorelis, M.D., and Carpenter Hospital, a Michigan corporation. Plaintiff James Howell's claim is derivative, arising out of Mrs. Howell's claim.

After a lengthy nonjury trial, the court made detailed findings and entered judgment against all

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

three defendants. Subsequently the judgment was set aside as to Carpenter Hospital. Dr. Carpenter has appealed. Plaintiffs have cross-appealed the dismissal of their cause of action against the codefendant, Carpenter Hospital, and also an order striking a portion of their complaint.

In making findings the trial judge thoroughly reviewed the evidence. A urologist testified for the plaintiffs. Based in part on this expert testimony, the trial court concluded that the defendant doctors undertook to perform an operative procedure which was unnecessary under the facts then existing; that the prevailing standard of care required them to warn plaintiff wife of potential dangers and consequences of the operative procedures and to obtain her informed consent, and further required them to obtain more information than was available to them by an examination of X-rays, medical records and history; that they failed to inform themselves fully of her medical history and treatment before the operative procedure; that the procedures used by defendants in the eventual diagnosis of a present existing hydronephrosis did not meet the prevailing standard of care; and that that standard of care would not have called for a procedure as radical as that employed, specifically an operation producing a higher insertion of the ureter in the right kidney than had existed before the operation, and an angulation of the ureter, which changes caused a stasis contributing to the formation of a calculus and to the ultimate loss of the kidney. The court further found that because the plaintiff had not consented to this operation, defendant doctors had committed an assault and battery upon her person, that defendant Carpenter had breached his contract with the plaintiff wife when he relinquished control to defendant Cocorelis without her authorization, and

also when he absented himself from the operation and later from the State of Michigan while plaintiff wife was undergoing postoperative treatment.

As cross-appellants, plaintiffs claim error on the part of the trial court in striking from their complaint certain averments concerning defendant hospital, in excluding consideration of evidence regarding these averments, and in determining no cause of action as to defendant hospital.

Examination of the evidence and of plaintiffs' third amended complaint compels the conclusion that the trial court committed no error.

Affirmed. No costs, neither party having prevailed in full.

All concurred.